UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:10-CV-2249 (CEJ) |
| | ) | |
| ZEFERINO SAUCEDA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to expedite discovery and enter a protective order. The defendant has not filed a response to the motion, and the time allowed for doing so has expired.

### I.    Background

Plaintiffs filed this action on December 2, 2010 alleging patent infringement, breach of a licensing agreement, and conversion in connection with defendant's use or transfer of Roundup Ready®[1] and Bollgard®[2] cotton seed. They claim that defendant planted and harvested Roundup Ready® and Bollgard® cotton seed that had been saved or obtained in violation of plaintiffs' patent rights. They also allege that these actions breached a licensing agreement executed by defendant in 1999.

Plaintiffs have submitted an affidavit by Terry Blackford, an investigator hired

---

[1]Roundup Ready® cotton seed is resistant to glyphosate based herbicides and protected under U.S. Patent Numbers 5,352,605 and RE 39,247 E owned by plaintiffs.

[2]Cotton seeds incorporating Bollgard® technology are resistant to some insect varieties. Bollgard® technology is also protected under U.S. Patent Number 5,352,605 owned by plaintiffs.

to monitor defendants use of plaintiffs' patented technologies. (Doc. #5-2). Blackford states that he investigated defendant's improper use of Roundup Ready® cotton seed in 2006 and 2010. He claims that defendant admitted to selling and planting saved Roundup Ready® cotton seed in an interview in a December 2006 interview. He further states that defendant allowed him to test his fields and seed supplies and that the tests indicated plaintiff was storing and planting saved seed. In the summer of 2010, Blackford claims that seeds planted by defendant were tested and identified as Roundup Ready® cotton seed. Blackford again interviewed defendant in October of 2010 and states that defendant denied planting his field with saved Roundup Ready® seed, but refused to allow testing of his fields and seed inventory. Plaintiffs' claim that the amount of Roundup Ready® cotton seed purchased by defendant was insufficient to plant the acreage planted by defendant.

Plaintiffs seek to conduct expedited discovery to minimize the risk of loss or destruction of the seed and crop residue that constitute the physical evidence of infringement. Plaintiffs maintain that this evidence could be destroyed intentionally, by tillage of fields, transfer to others, or intentional destruction; or unintentionally, by weather and seed degradation. They seek an order allowing them to obtain Farm Service Agency (FSA) records that identify defendant's fields and possible seed locations, as well as permission to enter upon the defendant's land to collect samples. Finally, plaintiffs request a protective order prohibiting defendant from destroying evidence.

The summons and complaint were served on defendant on December 10, 2010. The defendant has not filed an answer or other responsive pleading, nor has he otherwise appeared in this action. See Fed.R.Civ.P. 12(a)(1)(A).

## II. Discussion

Rule 26(d)(1), Fed. R. Civ. P., provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f), Fed.R.Civ.P. unless "authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. Rule (d)(1). Because defendant has not appeared, the parties have not met and conferred. Thus, plaintiffs must seek an order of the Court granting leave to conduct formal discovery. Id.

Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. See Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc., 2003 WL 23350128 at *1, n. 7 (W.D.N.Y. 2003) (slip op.). The Court of Appeals for the Eighth Circuit has not adopted either standard. See Monsanto Co. v. Woods, 250 F.R.D. 411 (E.D. Mo. 2008). But this Court has consistently applied the good cause standard. Id.; See also Cook v. Williams, Slip Copy, 2009 WL 3246877 (E.D. Mo. 2009). And other district courts within the Eighth Circuit have cited to this application with approval. Wachovia Securities, L.L.C. v. Stanton, 571 F.Supp.2d 1014, (N.D. Iowa 2008).

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Cf. Merrill Lynch,

Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000) ("[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.").

Similar to Woods, plaintiffs here have made reasonable attempts to gather the relevant evidence with defendant's cooperation and have narrowly tailored their request for expedited discovery to a limited set of documents and physical samples. See Woods, 250 F.R.D. at 413. Further, plaintiffs allege that as time passes, the likelihood of discovering evidence relevant to their claims will decrease, due to intentional destruction or transfer of evidence by the defendant, farming operations, or unintentional factors such as weather and seed deterioration. Again, this case is almost identical to the circumstances in which this Court granted expedited discovery in Woods. Id. The Court thus finds that the plaintiffs have shown good cause for conducting limited expedited discovery.

Plaintiffs' have submitted proposed limited discovery requests which include interrogatories, a request for production and requests for entry upon land. (Doc. #5-1). The Court finds that this proposed discovery is reasonable and narrowly tailored to the purpose of preventing the spoilation of evidence.

Rule 26(c)(1)(B), Fed. R. Civ. P., provides that the Court may enter a protective order requested by any party or person from whom discovery is sought "specifying terms, including time and place, for the disclosure or discovery." The Court will enter a protective order to discourage the loss of physical evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to expedite discovery and enter a protective order [Doc. #4] is **granted**.

**IT IS FURTHER ORDERED** that defendant shall, **not later than 10 days from the date of service**, respond to plaintiffs' limited discovery requests as set forth in Exhibit #1 of their memorandum in support of their motion to expedite discovery [Doc. #5-1]. A protective order in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2011.