UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:10-CV-2249 (CEJ) |
| | ) |
| ZEFERINO SAUCEDA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on defendant's motion to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Texas, Lubbock Division.[1] Plaintiffs oppose the transfer of this matter and the issues have been fully briefed.

Plaintiffs filed this action on December 3, 2010 seeking damages and equitable relief based on claims of patent infringement, breach of contract, conversion, and unjust enrichment. (Doc. #1). They allege that defendant illegally obtained, saved and/or planted Roundup Ready® and Bollgard® genetically-engineered cotton seed developed by plaintiffs and protected under U.S. patents. With their complaint, plaintiffs also filed a motion for expedited discovery and a protective order to prevent spoilation of crop residue evidence. The motion was granted on January 7, 2011. Defendant filed his answer and this motion to transfer the case to the Northern District of Texas on January 18, 2011.

---

[1] Title 28, United States Code, Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In support of his motion to transfer, defendant claims that the majority of the evidence, witnesses and events giving rise to this lawsuit occurred or are located in the Northern District of Texas. Defendant resides in the Northern District of Texas, Lubbock Division, and defendant's alleged misconduct took place in that district. Plaintiffs argue that the relative convenience to the parties and potential witnesses is not a sufficient reason to grant defendant's transfer motion, in light of a forum selection clause contained in the parties' licensing agreement. They also claim that their witnesses reside in or around St. Louis and that this dispute is governed by Missouri law.

The contract the parties signed contains the following forum selection clause:

> THIS AGREEMENT IS GOVERNED BY THE LAWS OF THE STATE OF MISSOURI AND THE UNITED STATES (OTHER THAN CHOICE OF LAW RULES). THE PARTIES CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION, AND THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS, STATE OF MISSOURI, FOR ALL DISPUTES ARISING UNDER THIS AGREEMENT.

(Doc. #14-1). Defendant has not challenged the validity or the applicability of this forum selection clause and the Court agrees with plaintiffs that at least some of their claims "arise under" the parties' licensing agreement. Id. Further, this Court has upheld substantially identical forum selection clauses on numerous occasions. Monsanto Co. v. LaValle, Not Reported in F. Supp. 2d, 2008 WL 1767050 (E.D. Mo. 2008) (citing cases); Monsanto Company v. Swann, 2001 WL 34053250 (E.D. Mo. 2001) (same).

Defendant has not shown that enforcement of this forum selection clause would be improper or unreasonable. Instead, defendant seeks a transfer based solely on convenience. "[M]ere 'inconvenience to a party is an insufficient basis to defeat an

otherwise enforceable forum selection clause." Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786 (8th Cir. 2006) (quoting M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 753 (8th Cir. 1999).

Accordingly,

**IT IS HEREBY ORDERED** that the motion by defendant to transfer this case to the Norther District of Texas [Doc. #13] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2011.