UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY, et al.,       )
                                )
        Plaintiffs,             )
                                )
    vs.                         )    No. 4:10-CV-2249 (CEJ)
                                )
ZEFERINO SAUCEDA,               )
                                )
        Defendant.              )

### CASE MANAGEMENT ORDER - TRACK 2: STANDARD

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I.   SCHEDULING PLAN

1.   This case has been assigned to Track 2 (Standard).

2.   Any joinder of additional parties or amendment of pleadings shall be made no later than **June 27, 2011**. Thereafter, the parties must file a motion for leave to join additional parties or to amend pleadings.

3.   Disclosure shall proceed in the following manner:

   (a)   The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **June 20, 2011**.

   (b)   The party who bears the burden of proof on an issue for which expert testimony is to be offered shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **November 7, 2011**, and shall make the expert witnesses available for depositions and have the depositions completed no later than **January 6, 2012**.

   (c)   The party offering opposing expert testimony shall disclose all expert witnesses and shall provide the reports required by Fed.R.Civ.P. 26(a)(2) no later than **February 6, 2011**, and shall

        make expert witnesses available for depositions and have depositions completed no later than **April 9, 2012**.

    (d)    The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply.

    (e)    The parties shall complete <u>all</u> discovery in this case no later than **July 2, 2012**.

    (f)    **Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than fifteen (15) days following the event (e.g., failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.**

4.    This case shall be referred to alternative dispute resolution on **January 9, 2012**, and that reference shall terminate on **March 12, 2012**.

5.    Any motion to dismiss, motion for summary judgment or motion for judgment on the pleadings shall be filed no later than **August 1, 2012**. The response in opposition to such a motion shall be due twenty-eight days later, or no later than **August 29, 2012**; the reply in support of the motion shall be due fourteen days after the response, or no later than **September 12, 2012**.

**II.    ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **October 29, 2012**, at **9:30 a.m.**

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.    **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses**:

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits**:

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial will be considered waived, unless excused by the Court for good cause.

4. **Depositions, Interrogatory Answers, and Request for Admissions**:

    (a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    (b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer

       to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5. **Instructions**:  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)  **WHERE APPLICABLE, THE COURT PREFERS TO USE EIGHTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**.

6. **Trial Brief**:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions In Limine**:  File all motions in limine to exclude evidence at least ten (10) days before trial.

8. **Opening Statements**:  Except for good cause shown, opening statements, if any, shall be limited to fifteen minutes per party, except that multiple parties on one side of a case who are represented by the same counsel shall jointly have fifteen minutes for opening statements.

### III.  Privacy Protection

Pursuant to the E-Government Act of 2002, as amended, Rule 5.2(a), Fed.R.Civ.P., and Local Rule 2.17(A), E.D.Mo. L.R., the following personal identifiers must be omitted or partially redacted from any publicly-filed documents:  social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses of non-parties.  **No pleading or other document may be filed that is not in compliance with the E-Government Act.**

Failure to comply with any part of this order may result in the imposition of sanctions.

_/s/ Carol E. Jackson_
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2011.