UNITED STATES DISTRCT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and | ) |
| MONSANTO TECHNOLOGY LLC, | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. 4:10-cv-2249 CEJ |
| ZEFERINO SAUCEDA, | ) |
| Defendant. | ) |

### CONSENT JUDGMENT AND PERMANENT INJUNCTION

**PARTIES**

Plaintiffs are Monsanto Company and Monsanto Technology, LLC (sometimes referred to hereinafter as Monsanto). Monsanto Company is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto Technology, LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

Defendant, Zeferino Sauceda, is a natural person and engages in commercial farming and resides in Texas.

**STIPULATED FINDINGS**

Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C. §1338, granting district courts original jurisdiction over any civil action regarding patents.

Venue is proper in this judicial district because the parties entered into a Monsanto Technology Agreement selecting the U.S. District Court for the Eastern District of Missouri as the exclusive venue.

Case: 4:10-cv-02249-CEJ   Doc. #: 46-1   Filed: 06/28/12   Page: 2 of 4 PageID #: 335

Monsanto is in the business of developing, manufacturing, licensing, and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense, and expertise, Monsanto invented an agricultural biotechnology consisting of genetic traits that enable crops to express resistance to glyphosate based herbicides such as Roundup® branded herbicides.

This biotechnology has been utilized by Monsanto in cotton seed. The genetically improved cotton is marketed by Monsanto Company under multiple trade names, including Roundup Ready®.

Monsanto's Roundup Ready® cotton biotechnology is protected under patents issued by the United States Patent Office, specifically including U.S. Patent No. RE39,247 E (the "'247 patent") and U.S. Patent No. 5,352,605 (the "'605 patent"). Prior to the events giving rise to this action, the '247 and '605 patents were issued and assigned to Monsanto.

Monsanto and seed companies authorized to sell Monsanto's patented biotechnologies placed the notice required by 35 U.S.C. § 287(a) that the Roundup Ready® biotechnology is patented on the labeling of all bags containing Roundup Ready® cotton seed. In particular, each bag of Roundup Ready® cotton seed is marked with notice of at least the '247 and '605 patents.

Under the terms of Monsanto's limited use license agreements through which Roundup Ready® cotton seed is sold, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving harvested seed for the purpose of planting a subsequent crop. In addition, the user is prohibited from selling saved seed or supplying or transferring any seed produced from the purchased seed to third parties for planting.

Defendant admits that he knowingly, intentionally, and willfully planted saved Roundup Ready® cotton seed without authorization during the crop year 2010.

Defendant engaged in the foregoing conduct with full knowledge that it violated Monsanto's patent rights in the '247 and '605 patents and with the deliberate intent of depriving Monsanto of the established royalty or "technology fee" that Monsanto is entitled to receive in connection with the licensed use of its Roundup Ready® seed technology.

Defendant's actions of planting unauthorized Roundup Ready® cotton seed infringed U.S. Patent Nos. RE39,247 E and 5,352,605 in 2010.

The Defendant's planting of saved Roundup Ready® cotton seed without authorization from Monsanto constitutes patent infringement with a deliberate and wilful disregard of Monsanto's patent rights in the '247 and '605 patents pursuant to 35 U.S.C. §271(a).

The Defendant's infringing activities of planting saved Roundup Ready® cotton seed without authorization were intentional and willful.

The Defendant attempted to conceal from Monsanto the fact that he was planting saved Roundup Ready® cotton seed without Monsanto's authorization by, among other things, directing the gin to catch seed from his cotton harvest or buying or accepting caught seed from other growers, facilitating the transportation of that caught seed to a delinting facility, directing that delinting facility to prepare the seed so that it would be suitable for planting using Defendant's planting equipment, taking delivery of that seed, and planting that seed to grow his cotton crop.

It is the specific intent and desire of Monsanto and the Defendant that the "Stipulated Findings" set forth herein be binding upon them and be given full collateral estoppel effect in any litigation that might subsequently arise between them.

**MONETARY DAMAGES**

In accordance with the provisions herein, and by consent of the parties, judgment is entered against Defendant, Zeferino Sauceda, in favor of Monsanto in the amount of Fifty Thousand Dollars and No Cents ($50,000.00).

**PERMANENT INJUNCTION**

Unless otherwise agreed to by Monsanto and Defendant in writing, Defendant is permanently enjoined from making, using, buying, acquiring, selling, offering to sell, or otherwise transferring any of Monsanto's patented agricultural crop seed biotechnology (to or from any source or seed licensee) covered by any patent, including U.S. Patent Nos. RE39,247 E and 5,352,605.

IT IS SO ORDERED.

Dated July 2, 2012.

_____
United States Judge